501 P.2d 194

**Marjorie HYDE, Plaintiff-Appellant,**

v.

**TAOS MUNICIPAL SCHOOL et al.,**
**Defendants-Appellees.**

**No. 9470.**

Supreme Court of New Mexico.

Sept. 22, 1972.

Alfonso G. Sanchez, Santa Fe, for plaintiff-appellant.

Brandenburg, Ramming & Brandenburg, Taos, for defendants-appellees.

OPINION

McMANUS, Justice.

We are presented with the need to determine whether a reemployment contract was established between a certified school instructor and her local school board. The trial court found that no contract was established. We affirm.

The teacher, plaintiff-appellant, relies on § 77–8–9, N.M.S.A. (1953 Comp.), which says:

"On or before the last day of each school year, a local school board shall serve written notice of re-employment or termination on each certified school instructor employed by the school district. A notice of re-employment shall be an offer of employment for the ensuing school year. A notice of termination shall be a notice of intention not to re-employ for the ensuing school year. Failure of the local school board to serve a written notice of re-employment or termination on a certified school instructor shall be construed to mean that notice of re-employment has been served upon the person according to the terms of his existing employment contract, but subject to any additional compensation allowed other certified school instructors of like qualifications and experience employed by the school district."

Plaintiff maintains that she is a certified instructor, that she did not receive such a written notice on or before the last school day of the 1968–69 school year and that therefore she, in effect, received notice of re-employment. She claims damages for breach of contract because the school board did not in fact give her a position for either of the following academic years.

The school board, defendant-appellee, maintains that it mailed to the teacher a letter stating that she had not been recommended for re-employment. This letter was not personally delivered to the teacher

by the board, was not sent by registered mail, and was not addressed to the teacher at her specific post office box number.

Much of the controversy at trial was concerned with whether the board had provided written notification as specified in the statute above. We do not believe that it is necessary for us to decide that question. If notification was provided, the teacher had no contract. If it was not provided, the teacher in this case still did not have a contract. According to the statute above, failure to serve notice is to be construed to mean that notice of re-employment has been served and a notice of re-employment is an offer of employment. The offer must in some way be accepted. Section 77–8–10, N.M.S.A.1953, which was not cited and apparently not considered by either of the parties, provides, in part:

"A. Each certified school instructor shall deliver to the local school board of the school district in which he is employed, a written acceptance or rejection of re-employment for the ensuing school year within fifteen [15] days from the following:

" *     *     *     *     *     *

"(2) the last day of the school year when no written notice of re-employment or termination is served upon him on or before the last day of the school year; *  *  *."

There is no evidence that the teacher complied with the statute by delivering to the school board a written acceptance of re-employment within the fifteen-day period. According to part (B) of the same statute, such acceptance of re-employment by the teacher creates a binding employment contract. Here there was no creation of a binding contract in this manner, nor is there proof that a contract was created in any other manner. Therefore, damages for breach of contract will not be allowed. Affirmed.

It is so ordered.

OMAN and STEPHENSON, JJ., concur.